IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WOODBROOK CASUALTY INSURANCE,
INC., an Alabama corporation
f/k/a Medical Assurance of
West Virginia, Inc.,

       Plaintiff,

v.                              Civil Action No. 5:05CV101
                                          (STAMP)

JAMES FERNAU, M.D.,

       Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT JAMES FERNAU, M.D.'S
MOTION TO DISMISS AND
DENYING WOODBROOK CASUALTY'S
MOTION TO FILE SUPPLEMENTAL BRIEF**

I.  Procedural History

On February 25, 2003, Anna Mae Sweder, filed a complaint in the Circuit Court of Brooke County, West Virginia against James L. Fernau, M.D. ("Dr. Fernau") alleging medical malpractice claims (hereinafter "Sweder claim"). On June 29, 2005, Dr. Fernau filed in that Court a motion for leave to file a third-party complaint against Medical Assurance Co., Inc. and Woodbrook Casualty Insurance, Inc. (referred to collectively as "Woodbrook Casualty") f/k/a Medical Assurance of West Virginia, Inc., an Alabama corporation. On August 2, 2005, Dr. Fernau filed his third-party complaint against Woodbrook Casualty which sought declaratory relief as to the coverage limits on Dr. Fernau's insurance policy, along with compensatory and punitive damages, in the Circuit Court

of Brooke County, West Virginia in <u>Sweder v. Fernau</u>, Civil Action No. 03-C-27. In November 2005, Sweder settled and dismissed her claim against Dr. Fernau in the Circuit Court of Brooke County, West Virginia, Civil Action No. 03-C-27. That case was then removed to this Court by the third-party defendant, Woodbrook Casualty, and filed as Civil Action No. 5:05CV203. On March 17, 2006, this Court remanded the Sweder civil action to the Circuit Court of Brooke County, West Virginia.

On July 22, 2005, Woodbrook Casualty filed this separate action seeking declaratory relief as to the coverage limits on Dr. Fernau's insurance policy. On August 26, 2005, Dr. Fernau filed a motion to dismiss in this civil action. Woodbrook Casualty responded and Dr. Fernau replied. On December 13, 2005, Woodbrook Casualty filed a motion to file a supplemental brief to defendant's motion to dismiss, to which Dr. Fernau filed a memorandum in opposition. In January 2005, Dr. Fernau filed a supplemental memorandum in support of his motion to dismiss.

Now before the Court is Dr. Fernau's motion to dismiss and Woodbrook Casualty's motion to file a supplemental brief. After a review of the parties' memoranda and the applicable case law, this Court finds that Dr. Fernau's motion to dismiss should be granted and Woodbrook Casualty's motion to file a supplemental brief should be denied.

## II.   <u>Facts</u>

This action stems from litigation initiated by Anna Mae Sweder in the Circuit Court of Brooke County, West Virginia. The complaint in the underlying action asserted a claim against Dr. Fernau for medical malpractice.

At all relevant times, Dr. Fernau practiced medicine in West Virginia with offices located in Weirton, West Virginia. Dr. Fernau was insured under a medical professional policy from December 15, 1999 until December 15, 2002. By letter dated October 24, 2002, Woodbrook Casualty notified Dr. Fernau that his medical professional liability insurance would not be renewed upon its expiration in December. Woodbrook Casualty offered Dr. Fernau the opportunity to purchase a medical professional liability policy reporting endorsement ("tail insurance policy"), which would provide "tail insurance"[1] coverage for any future claims that may be filed against him for services rendered during the coverage period provided. Dr. Fernau purchased the tail insurance policy from Woodbrook Casualty. Dr. Fernau elected to amortize the premium payments over a three-year period, payable on a quarterly basis.

---

[1]"Tail insurance" is defined as "insurance which covers a professional insured once a claims made malpractice insurance policy is cancelled, not renewed or terminated and covers claims made after such cancellation or termination for acts occurring during the period the propr malpractice insurance was in effect." W. Va. Code § 33-20D-2(a).

On February 25, 2003, Anna Mae Sweder filed her claim against Dr. Fernau for medical malpractice in state court. Notice of this suit was provided to Woodbrook Casualty.

Dr. Fernau alleges that he "reasonably believed and did rely on the availability of $1 million coverage to protect him against the Sweder claim" from February 2003 until March 18, 2005. (Def.'s Mot. to Dismiss at 3.) Woodbrook Casualty alleges that, by letter dated January 3, 2005, it informed Dr. Fernau that his account for his tail insurance policy was in default because he failed to pay the amortized payment amount of Ten Thousand Eight Hundred Four and 50/100 Dollars ($10,804.50), which was due on December 15, 2004.

By letter dated March 18, 2005, Woodbrook Casualty advised Dr. Fernau that his account was in default and that his policy limit of liability was being reduced to Three Hundred Thousand Dollars ($300,000.00) for each medical incident effective as of April 4, 1997. (Def.'s Mot. to Dismiss Ex. B.)

On May 12, 2005, Woodbrook Casualty informed Dr. Fernau that his coverage regarding the Sweder claim would be subject to the new policy limit of Three Hundred Thousand Dollars ($300,000.00). As noted, in November 2005, Sweder settled and dismissed her claim against Dr. Fernau.

In this civil action, Woodbrook Casualty is seeking declaratory judgment that the coverage limit under the tail insurance policy is reduced to Three Hundred Thousand Dollars

($300,000.00) per each medical incident and an aggregate of Nine Hundred Thousand Dollars ($900,000.00).

## III.  Applicable Law

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts are not required to hear declaratory judgment actions. See Nautilus Ins. Co. v. Winchester Homes, 15 F.3d 371, 375 (4th Cir. 1994). Rather, a district court's decision to hear such a case is discretionary. Id.

The Fourth Circuit has articulated several factors that should guide a district court in determining whether to entertain a declaratory judgment action. For example, a district court should exercise jurisdiction over a declaratory judgment action when it finds that the relief sought "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). A district court should also consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of overlapping issues of fact or law.

*Mitcheson v. Harris*, 955 F.2d 235, 237-40 (4th Cir. 1992)(as cited in *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)). Finally, in *Nautilus*, the Fourth Circuit added that courts should also consider "whether the declaratory judgment action is being used merely as a device for 'procedural fencing' -- that is, 'to provide another forum in a race for res judicata' or 'to achieve a federal hearing in a case otherwise not removable.'" 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice*, ¶ 57.08[5] (2d ed. 1993)).

## IV.  Discussion

A.  Motion to Dismiss

In his motion to dismiss, Dr. Fernau argues that the present action in this Court is an attempt by Woodbrook Casualty to forum shop in order to escape the jurisdiction of the West Virginia state court, which is currently hearing the related action, *Sweder v. Fernau v. Medical Assurance Co., Inc. and Medical Assurance of West Virginia*. Specifically, Dr. Fernau states that Woodbrook Casualty filed its complaint for declaratory judgment with this Court after Dr. Fernau filed a motion for leave to file a third-party complaint in state court seeking similar relief.

In response, Woodbrook Casualty claims that federal court is the more appropriate forum for this action because it involves parties from different states and is wholly unrelated to the state action. In addition, Woodbrook Casualty asserts that the issues

raised in this action can be more efficiently handled in this forum than in the state court proceeding, and that there is no entanglement between the state and federal courts. Finally, Woodbrook Casualty asserts that no procedural fencing exists in this case; rather, it argues that its filing of this action was a proper effort to obtain prompt resolution of the dispute.

An analysis of this issue using the factors outlined in Nautilus, 15 F.3d at 371, leads this Court to conclude that dismissal of this action is warranted under the circumstances. First, the West Virginia courts have a significant interest, as well as expertise, in litigating claims brought under the medical professional liability policy pursuant to tail insurance, W. Va. Code § 33-20D-3.

Second, the state court can more effectively and efficiently hear and decide this case. The issues raised in this case would be more efficiently resolved within the context of the pending state action because the state court judge has had extensive exposure to the facts of the case. The state court judge is familiar with the conduct of the parties during the course of the litigation. Accordingly, the state court judge would be in a better position to decide the claims in this civil action.

Third, this Court notes that allowing this case to go forward in this Court could potentially create unnecessary entanglement with the underlying state court action. This declaratory judgment

action requires factual determinations that could overlap or conflict with the findings of the state court in the third-party action seeking declaratory relief on the same insurance coverage issued. This Court finds that it would be imprudent to retain jurisdiction of this case under such circumstances.

Finally, there are at least implications that Woodbrook Casualty is using the declaratory relief mechanism to engage in procedural fencing or forum shopping. Woodbrook Casualty filed this declaratory judgment action after it became aware that Dr. Fernau had sought leave to file a third-party complaint in the state action to assert claims against Woodbrook Casualty, and before the third-party complaint was filed. Woodbrook Casualty's expeditious effort to file this declaratory action in federal court, prior to Dr. Fernau's filing the third-party complaint, certainly suggests a forum preference, rather than merely a quest for prompt resolution. Accordingly, for the reasons stated above, Dr. Fernau's motion to dismiss should be granted.

B.  Supplemental Motions

Local Rule of Civil Procedure 7.02 states that in motion practice there shall be (a) motions and supporting memoranda and (b) memoranda in response to motions and reply memoranda. Once these documents are filed, the motion is fully briefed and ripe for review.

After Dr. Fernau's motion to dismiss was fully briefed, Woodbrook Casualty filed a motion to file supplemental brief to which Dr. Fernau filed a memorandum in opposition. Dr. Fernau then filed a supplemental memorandum in support of the motion to dismiss.

Pursuant to Rule 7.02, this Court finds that Woodbrook Casualty's motion to file a supplemental brief should be denied. Accordingly, this Court does not consider in its analysis: (1) Dr. Fernau's memorandum in opposition to Woodbrook Casualty's motion to file supplemental brief and (2) Dr. Fernau's supplemental memorandum in support of the motion to dismiss. Therefore, this Court will not consider any of the memoranda filed after Dr. Fernau's motion to dismiss was fully briefed.

## IV. <u>Conclusion</u>

For the reasons stated above, defendant James Fernau, M.D.'s motion to dismiss is hereby GRANTED and Woodbrook Casualty Insurance, Inc.'s motion to file a supplemental brief is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 23, 2006


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE